1
2
3
4                     UNITED STATES DISTRICT COURT
5                     NORTHERN DISTRICT OF CALIFORNIA
6
7  FEDERAL TRADE COMMISSION,                    No. C-10-04879 JCS

8              Plaintiff,                       **ORDER DENYING MOTION TO
                                                DISMISS FIRST AMENDED
9      v.                                       COMPLAINT FILED BY DEFENDANTS
                                                WELLNESS SUPPORT NETWORK,
10 WELLNESS SUPPORT NETWORK, INC., ET           INC., ROBERT HELD AND ROBYN
   AL.,                                         HELD [Docket No. 30]**
11             Defendants.
12 _____/

13 **I.      INTRODUCTION**

14         Plaintiff Federal Trade Commission ("FTC") brings this action for injunctive relief and other

15 remedies under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b),

16 alleging that Defendants have engaged in false advertising and deceptive practices in connection

17 with their sale of certain dietary supplements, in violation of Sections 5(a) and 12 of the FTC Act,

18 15 U.S.C. §§ 45(a) & 52.  Defendants  filed a motion to dismiss the original complaint in this action

19 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which the Court denied except as

20 to the claims against Defendant Robyn Held, whose involvement in the alleged conduct was

21 insufficiently pled.  *See* Docket No. 24.  The Court granted Plaintiff leave to amend its complaint

22 and the FTC filed an amended complaint that is virtually identical to the original complaint except

23 that it includes more specific allegations regarding Ms. Held's involvement.

24         Defendants now bring a Motion to Dismiss First Amended Complaint ("Motion") that does

25 not challenge the sufficiency of the allegations regarding Ms. Held's involvement but rather,

26 challenges the claims under Rule 12(b)(6) on other grounds that were not raised in Defendants'

27 previous motion to dismiss.  The Court finds that the Motion is suitable for determination without

28 oral argument pursuant to Civ. L. R. 7-1(b) and therefore **vacates the September 16, 2011 motion**

United States District Court
For the Northern District of California

hearing.  **The Case Management Conference set for the same date shall remain on calendar but will be conducted at 1:30 p.m. rather than at 9:30 a.m., as originally scheduled.**  For the reasons stated below, the Motion is DENIED without prejudice.[1]

## II.      BACKGROUND

### A.      The First Amended Complaint[2]

In the First Amended Complaint, the FTC alleges that Defendant Wellness Support Network, Inc. ("WSN"), as well as its owners, Robert and Robyn Held, have engaged in false and deceptive advertising practices in promoting two of WSN's products, The WSN® Diabetic Pack and The WSN® Insulin Resistance Pack.  First Amended Complaint ("FAC").[3]  The FTC asserts two claims against Defendants, one based on Defendants' allegedly deceptive claims as to the WSN® Diabetic Pack, the other aimed at Defendants' allegedly deceptive claims as to the WSN® Insulin Resistance Pack.  Both claims are asserted under Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

### B.      The Motion to Dismiss

In the Motion, Defendants assert that the First Amended Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because: 1) the FTC's claims are based on the standards that apply to "dietary supplements," whereas Defendants' products are "medical foods;" 2) the standard upon which the FTC's claims are based violates the First Amendment of the United States Constitution because Defendants' products are medical foods; 3) the FTC's claims are based on standards developed in prior FTC adjudications involving third party dietary supplement

---

[1]The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

[2]The Court assumes the allegations in the complaint to be true for the purposes of this motion. *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996)(on motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court assumes the facts alleged in the complaint are true).

[3]Because the Court in its previous order set forth the specific statements that the FTC alleged in the original complaint were deceptive and misleading – and because those allegations remain unchanged in the First Amended Complaint – the Court does not repeat them here.

United States District Court

For the Northern District of California

1   manufactures; broad application of these standards to Defendants constitutes an impermissible

2   attempt to circumvent the rulemaking procedures required under the Administrative Procedures Act

3   ("APA"); 4) the FTC's standard is an unlawful use of a guidance document to the extent that it is

4   based on a policy statement; and 5) the Ninth Circuit's decision in *FTC v. Pantron I Corp.*, 33 F.3d

5   1088 (9th Cir. 1994) ("*Pantron I*"), defining "truth" and "substantiation" in connection with

6   deceptive advertising under the FTC Act, does not apply because in that case the product at issue

7   was a drug whereas here, the products are medical foods.

8          The FTC counters that: 1) Defendants' argument that the claims fail because their products

9   are not dietary supplements, as alleged by the FTC, but rather medical foods, lacks merit because the

10  FTC Act does not distinguish between dietary supplements and medical foods and in any event, the

11  argument turns on a factual question that may not be determined on a Rule 12(b)(6) motion; 2) there

12  is no First Amendment right to engage in deceptive advertising and the FTC's enforcement of the

13  FTC Act does not infringe on Defendants' commercial speech rights; 3) the FTC is not attempting to

14  evade the rulemaking procedures set forth in the APA because it is not attempting to make a new

15  rule but rather, is simply enforcing established standards relating to advertising of products that

16  includes health claims, as set forth in *Pantron I*;  furthermore, administrative agencies are free to

17  announce new principles of law during adjudication, with only narrow exceptions that do not apply

18  here; and 4) in citing a policy document in its brief filed in opposition to Defendants' previous

19  motion to dismiss, the FTC did not suggest that that document had the force of law and the FTC

20  does not rely on that document in support of its claims, which are based on the FTC Act.

21  **III.    ANALYSIS**

22          **A.    Legal Standard**

23                  **1.    Rule 12(b)(6)**

24          A complaint may be dismissed for failure to state a claim for which relief can be granted

25  under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(b)(6).  "The purpose

26  of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star*

27  *Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Generally, a plaintiff's burden at the

28                                                      3

1  pleading stage is relatively light.  Rule 8(a) of the Federal Rules of Civil Procedure states that "[a]

2  pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the

3  claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

4       In ruling on a motion to dismiss under Rule 12, the court analyzes the complaint and takes

5  "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-

6  moving party."  *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal

7  may be based on a lack of a cognizable legal theory or on the absence of facts that would support a

8  valid theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint

9  must "contain either direct or inferential allegations respecting all the material elements necessary to

10 sustain recovery under some viable legal theory."  *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 562

11 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  The

12 factual allegations must be definite enough to "raise a right to relief above the speculative level."  *Id.*

13 at 555.  However, a complaint does not need detailed factual allegations to survive dismissal.  *Id.*

14 Rather, a complaint need only include enough facts to state a claim that is "plausible on its face."

15 *Id*. at 570.  That is, the pleadings must contain factual allegations "plausibly suggesting (not merely

16 consistent with)" a right to relief.  *Id*. at 1557 (noting that this requirement is consistent with Fed. R.

17 Civ. P. 8(a)(2), which requires that the pleadings demonstrate that "the pleader is entitled to relief").

18       **B.       Whether Defendants' Motion is Timely**

19       At the outset, the Court notes that none of the arguments advanced by Defendants in the

20 Motion is aimed at the amendments to the complaint made by the FTC in response to the Court's

21 ruling on Defendants' first motion to dismiss.  Rather, all of Defendants' arguments are addressed to

22 allegations and claims that were included in the original complaint and therefore could have been

23 raised in Defendants' previous motion to dismiss.  Therefore, the Court considers whether

24 Defendants' motion is timely.

25       Rule 12(g) of the Federal Rules of Civil Procedure provides as follows:

26       (2) **Limitation on Further Motions**. Except as provided in Rule 12(h)(2) or (3), a party that
         makes a motion under this rule must not make another motion under this rule raising a
27       defense or objection that was available to the party but omitted from its earlier motion.

28
                                                    4

Fed. R. Civ. P. 12(g). Rule 12(h)(2), in turn, allows a party to raise a defense of failure to state a claim: "(A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). While Rule "12(g)(2) technically prohibits successive motions to dismiss that raise arguments that could have been made in a prior motion . . . courts faced with a successive motion often exercise their discretion to consider the new arguments in the interests of judicial economy." *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 2011 WL 2690437, at *2, n. 1 (N.D. Cal., July 8, 2011) (citing *Nat. City Bank, N.A. v. Prime Lending, Inc.*, 2010 WL 2854247, at *2 (E.D.Wash. July 19, 2010)). In *National City Bank, N.A. v. Prime Lending, Inc.*, the court reasoned as follows:

> Judicial economy favors ignoring the motions' technical deficiencies. Rule 12(g) merely prohibits them from raising it before filing an answer because they did not raise it in their initial response under Rule 12(b). Plaintiffs do not dispute that Defendants would simply be able to renew their motion as a Rule 12(c) motion for judgment on the pleadings after filing an answer. The Court declines to pass on this opportunity to narrow the issues because Defendants are entitled to raise these defenses even if they already filed a motion to dismiss. Nor do the motions result in prejudice or surprise. The Court finds good cause to consider them now.

*Nat. City Bank, N.A. v. Prime Lending, Inc.*, 2010 WL 2854247, at *2 (E.D.Wash. July 19, 2010).

Here, in contrast to *National City Bank v. Prime Lending, Inc.*, judicial economy does not favor an exercise of discretion to consider Defendants' Motion because Defendants' arguments turn on the nature of the products they are advertising, which is a factual question. In particular, Defendants argue that the claims should be dismissed because their products are not dietary supplements, as the FTC alleges in the First Amended Complaint but instead, medical foods, which they assert are subject to a lower standard under the FTC Act. Defendants further contend that because their products are medical foods the FTC's claims violate the First Amendment, constitute impermissible rulemaking under the APA and render distinguishable the leading Ninth Circuit case addressing deceptive advertising under the FTC Act, *Pantron I*. These are fact questions that are properly addressed at the summary judgment stage of the case and *not* on the pleadings. Therefore, the Court declines to exercise its discretion to consider the Motion.

**IV.    CONCLUSION**

The Motion is DENIED on the basis that it is untimely under Rule 12(g)(2).

IT IS SO ORDERED.


Dated: September 12, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge

**United States District Court**
For the Northern District of California

6