WILLARD K. TOM
General Counsel

LAURA FREMONT
Calif. Bar No. 159670
KENNETH H. ABBE
Calif. Bar No. 172416
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Phone: 415-848-5100
Fax: 415-848-5184
lfremont@ftc.gov
kabbe@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
San Francisco Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WELLNESS SUPPORT NETWORK, INC.,<br>a corporation, ROBERT HELD,<br>individually and as an officer of Wellness<br>Support Network, Inc., and ROBYN HELD,<br>individually and as an officer of Wellness<br>Support Network, Inc.,<br><br>Defendants. | Case No. 3:10-cv-04879-JCS<br><br>STIPULATION AND [PROPOSED]<br>ORDER CONTINUING DEADLINES FOR<br>THREE MONTHS PENDING<br>SETTLEMENT REVIEW;<br>DECLARATION OF KENNETH H. ABBE<br>IN SUPPORT THEREOF<br><br>Date of next CMC:  May 25, 2012<br>Time:  1:30 p.m.<br>Place:  Courtroom A, 15th Floor<br>Judge:  Hon. Joseph C. Spero |

Plaintiff Federal Trade Commission ("FTC") and defendants Wellness Support Network, Inc., Robert Held, and Robyn Held ("Defendants") hereby stipulate and respectfully request that the Court continue all deadlines in this matter for a period of three months in order to finalize a proposed settlement.

With the assistance of the Honorable Magistrate Judge Corley, the parties have agreed in principle to a stipulated judgment and final order that will fully resolve this case. The parties, as a condition of settlement, have agreed to consult on certain steps that would be required for Defendants to comply with the order. Judge Corley has agreed that 90 days is a reasonable period of time for this consultation process, and will actively assist the parties in the process. At the completion of the 90 day period, the parties will either sign the settlement document which contains the terms to which they have agreed in principle, or resume litigation.

Should the parties sign the stipulated judgment and order, counsel for the FTC will submit the proposed final order to the five members of the Federal Trade Commission, with a recommendation that the Commission approve it. All settlements negotiated by FTC attorneys and signed by defendants must be voted on by the Commission. The approval process takes some time given the number and breadth of matters pending votes of the Commission. The parties are not requesting, however, a continuance greater than 90 days at this time.

Given that settlements in principle have been reached, the parties believe that engaging in further trial preparation and motion practice would not be an efficient use of the resources of the Court or the parties. Thus, the parties request this continuance.

**IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES** through their respective attorneys of record as follows:

WHEREAS the parties have proposed a settlement in principle, approval of the proposed settlement appears likely, and the settlement will preclude the need for further trial preparation;

THEREFORE, the Parties have stipulated and agreed, subject to the approval of the Court, that all deadlines in this matter are hereby continued for three months.

SO STIPULATED:

DATED:  May 18, 2012                              ___/s/ Kenneth H. Abbe____
                                                 Laura Fremont
                                                 Kenneth H. Abbe
                                                 Attorneys for Plaintiff FTC

(The filer attests that concurrence in the filing of this document has been obtained from the other signatories.)

DATED:  May 18, 2012                              ___/s/ Andrew S. Ittleman_____
                                                 Mitchell Fuerst
                                                 Andrew S. Ittleman
                                                 Fuerst Ittleman PL
                                                 Attorneys for Defendants

PURSUANT TO STIPULATION, IT IS SO ORDERED. that the further case management conference set for 5/25/12 at 1:30 p.m., is continued to 8/31/12 at 1:30 p.m.

DATED: __5/21/12_____          _____
                                       JOSEPH C. SPERO
                                       UNITED STATES MAGISTRATE JUDGE

IT IS SO ORDERED
AS MODIFIED

Judge Joseph C. Spero

1

**DECLARATION OF KENNETH H. ABBE**

2

**IN SUPPORT OF STIPULATION TO CONTINUE DEADLINES**

3

I, KENNETH H. ABBE, declare as follows:

4          1.          I am an attorney with the Federal Trade Commission, the plaintiff in the

5

above-captioned action.  I make this Declaration in support of the foregoing Stipulation to

6

Continue Deadlines.  I have personal knowledge of each of the following facts, and would and

7

could competently testify thereto if called upon to do so in a court of law.

8          2.          **Reasons for the requested enlargement of time (Local Rule 6-2(a)(1)):**  The

9

parties have agreed in principle to a stipulated judgment and final order that will fully resolve

10

this case.  The parties, as a condition of settlement, have agreed to consult on certain steps

11

that would be required for Defendants to comply with the order.  The Honorable Judge Corley

12

has agreed that 90 days is a reasonable period of time for this consultation process.  Once

13

completed, counsel for the FTC will submit the proposed final order to the Commission, with

14

a recommendation that the Commission approve it..  All settlements negotiated by FTC

15

attorneys and signed by defendants must be voted on and approved by the Commission.

16          3.          **Disclosure of all previous time modifications (Local Rule 6-2(a)(2)):**  The

17

FTC filed its Complaint (Dkt #1) in this matter on October 28, 2010.  Defendants' initial

18

deadline to respond to the Complaint was November 26, 2010.  On November 24, 2010, the

19

parties filed a stipulation (Dkt #5) to extend that deadline to December 29, 2010; to set the

20

deadline for Plaintiff to file its opposition to any papers filed by Defendants responsive to the

21

Complaint to January 14, 2011; and to set the hearing on such matters for February 4, 2011.

22

The Court so ordered on November 29, 2010 (Dkt #6).

23          On December 15, 2010, the parties filed a stipulation (Dkt #7) to modify the times set

24

in the Court's *Order Setting Initial Case Management Conference and ADR Deadlines* (Dkt

25

#3).  The Court so ordered on December 15, 2010 (Dkt #8).

26          On January 26, 2011, the parties filed a *Second Stipulation to Revise Schedule* (Dkt

27

#21) to modify the times set in the Court's *Order Setting Initial Case Management*

28

*Conference and ADR Deadlines* (Dkt #3). The Court so ordered on January 27, 2011 (Dkt #22).

On April 4, 2011, the Court entered an Order (Dkt #24) granting in part and denying in part Defendants' *Motion to Dismiss Complaint.* As a result of this Order, the parties filed a Joint Stipulation (Dkt # 25) on April 18, 2011 to provide time frames for Plaintiff to re-plead its Complaint in part and for Defendants to file responsive papers. The Court so ordered on April 18, 2011 (Dkt #26).

On May 12, 2011, the parties filed a *Joint Stipulation to Revise Schedule* (Dkt. #28) to extend by 20 days the time for Defendants to file pleadings responsive to Plaintiff's *First Amended Complaint* (Dkt. #27), and to extend by 20 days the deadlines for the parties to perform the tasks required by the Court's case management orders. The Court so ordered on May 16, 2011. (Dkt. #29).

On June 15, 2011, the parties filed a *Joint Stipulation* (Dkt. #32) to extend the deadlines for the Plaintiff to file its opposition to Defendants' *Motion to Dismiss,* the Defendants' reply, and the deadlines for the parties to perform the tasks required by the Court's case management orders. The Court so ordered on June 16, 2011. (Dkt. #33).

On June 28, 2011, the parties filed a *Joint Stipulation to Revise Schedule* (Dkt. #34) to extend the deadlines for the Defendants to file their *Reply* to Plaintiff's *Opposition to Defendants' Motion to Dismiss.* The Court so ordered on June 29, 2011. (Dkt. #36).

On September 7, 2011, the parties filed a *Joint Stipulation to Revise Schedule* (Dkt. #42) to extend the deadlines for the parties to exchange initial disclosures. The Court so ordered on September 29, 2011. (Dkt. #43).

On November 8, 2011, the parties filed a *Joint Stipulation to Revise Schedule Re: Exchange of Reports and Settlement Conference* (Dkt. #53) to extend deadlines for the exchange of expert reports for settlement purposes only and to reschedule the case settlement conference in this matter. The Court so ordered on November 9, 2011. (Dkt. #54).

On January 18, 2012, the parties filed a *Joint Stipulation to Revise Schedule* (Dkt. #62)

to extend deadlines for the exchange of expert reports for settlement purposes only, to reschedule the case management conference in this matter, and to reschedule the case settlement conference in this matter. The Court so ordered on January 23, 2012. (Dkt. # 63).

On March 13, 2012, the parties filed a *Joint Stipulation to Revise Schedule* (Dkt. #65) to reschedule the Settlement Conference before the Honorable Judge Corley from May 4 to May 11, 2012.  The Court so ordered on March 15, 2012 (Dkt. #66).

4.      **Description of the effect the requested time modification would have on the schedule for the case (Local Rule 6-2(a)(3)):**  The proposed time modifications would extend by three months all deadlines set forth in the schedule set by the Court at the Case Management Conference held on September 16, 2011 (Dkt. #48).  Given that settlements in principle have been reached, the parties believe that engaging in further trial preparation and motion practice would not be an efficient use of the resources of the Court or the parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on May 18, 2012, at San Francisco, California.


_____/s/ Kenneth H. Abbe_____

Kenneth H. Abbe
Attorney for Plaintiff
Federal Trade Commission