WILLARD K. TOM
General Counsel

LAURA FREMONT
Calif. Bar No. 159670
KENNETH H. ABBE
Calif. Bar No. 172416
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Phone: 415-848-5100
Fax: 415-848-5184
lfremont@ftc.gov
kabbe@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
San Francisco Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WELLNESS SUPPORT NETWORK, INC., a corporation, ROBERT HELD, individually and as an officer of Wellness Support Network, Inc., and ROBYN HELD, individually and as an officer of Wellness Support Network, Inc.,<br><br>Defendants. | Case No. 3:10-cv-04879-JCS<br><br>STIPULATION AND [PROPOSED] ORDER TO EXTEND CONTINUANCE AND TO SET NEW SCHEDULE; DECLARATION OF LAURA FREMONT IN SUPPORT<br><br>Date of next CMC: August 31, 2012<br>Time: 1:30 p.m.<br>Place: Courtroom G, 15th Floor<br>Judge: Hon. Joseph C. Spero |

Pursuant to L. R. 6-2 and L.R. 7-12, Plaintiff Federal Trade Commission ("FTC") and defendants Wellness Support Network, Inc., Robert Held, and Robyn Held ("Defendants") respectfully request that the Court extend the continuance in this case to September 30, 2012 to facilitate settlement, and approve the below schedule the parties propose to follow in the event settlement is not achieved.

**A. Extension of Continuance to September 30, 2012**

With the assistance of the Honorable Magistrate Judge Corley, the parties have agreed in principle to a stipulated judgment and final order that will fully resolve this case. The parties, as a condition of settlement, agreed to consult on certain steps that would be required for Defendants to comply with the order. To facilitate the completion of these steps, the parties stipulated, and on May 21, 2012 this court ordered, that deadlines in this matter be continued three months (Dkt. #74). The parties also agreed to meet for a subsequent settlement conference with Judge Corley towards the end of the process. Due to the need to coordinate the schedules of counsel and Judge Corley, the settlement conference will take place on September 7, 2012 (see *Clerk's Notice Scheduling Settlement Conference*, entered into the ECF system on July 19, 2012; no document number assigned). Because the existing continuance granted by the Court's previous Order (Dkt. 74) would expire before the settlement conference, the parties respectfully request the Court to extend the existing continuance until September 30, 2012.

Should Defendants sign the stipulated judgment and order, counsel for the FTC will submit the proposed final order to the five members of the Federal Trade Commission, with a recommendation that the Commission approve it. All settlements negotiated by FTC attorneys and signed by defendants must be voted on by the Commission. The approval process takes some time given the number and breadth of matters pending votes of the Commission. The parties are not requesting, however, a continuance past September 30 at

this time.

### B. Proposed Schedule Should Settlement Not be Reached

The parties remain hopeful that the settlement the parties have reached in principle will be finalized. In the event that by September 30 it is obvious that litigation must resume, however, counsel have conferred and stipulated to a proposed schedule.

At the time deadlines were continued to provide time for settlement (Dkt. #74), the parties had already propounded lengthy discovery on opponents. Although deadlines were continued, counsel for the parties have nevertheless attempted to resolve known issues so that discovery can continue expeditiously should litigation resume. The parties have, for example, agreed to a protective order (filed concurrently with this Stipulation). The protective order addresses concerns Defendants expressed regarding production of certain documents and information. The protective order will thus enable prompt provision of withheld documents and information at the expiration of the continuance, without resort to motion practice. The parties have also committed to providing all other outstanding discovery responses immediately upon expiration of the continuance.

In spite of these good faith efforts to expedite this litigation, after frank discussion both parties believe some discovery motion practice is likely. The proposed schedule reflects a very modest amount of time to account for that likelihood, and to permit provision of any disputed materials in time for use at deposition. In addition, the schedule reflects the unavailability of expert witnesses for deposition over the December holidays (although the schedule does contemplate production of expert reports shortly after the holidays end). Lastly, the proposed schedule provides a slightly longer dispositive motion briefing schedule than provided for motions under the local rules, to allow the parties sufficient time to thoroughly brief the myriad issues in this case and increase the possibility of resolving this matter without need for a trial.

**C. Proposed Revised Schedule**

The parties propose the following schedule should litigation resume:

1. Parties shall exchange identities and *curriculum vitae* of primary experts by November 13, 2012.

2. All non-expert discovery shall be completed by December 10, 2012.

3. All primary expert reports shall be exchanged by January 10, 2013.

4. All expert rebuttal reports shall be exchanged by February 8, 2013.

5. All expert discovery shall be completed by March 15, 2013.

6. Dispositive motions shall be filed by April 26, 2013.

7. Oppositions to dispositive motions shall be filed by May 17, 2013.

8. Replies to oppositions to dispositive motions shall be filed by May 31, 2013.

**IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES** through their respective attorneys of record as follows:

WHEREAS the parties have proposed a settlement in principle, approval of the proposed settlement appears likely, and the settlement will preclude the need for further trial preparation; and

WHEREAS should it become clear by September 30, 2012 that litigation must resume, the parties have consulted on a schedule therefor;

THEREFORE, the parties have stipulated and agreed, subject to the approval of the Court, that the existing continuance in this matter be extended to September 30, 2012, and that should litigation resume at the end of the continuance, the parties will abide by the schedule proposed in this stipulation.

SO STIPULATED:

DATED: August 21, 2012 \_\_\_/s/ Laura Fremont\_\_\_
Laura Fremont

|   |   |
|---|---|
| 1 | Kenneth H. Abbe |
| 2 | Attorneys for Plaintiff Federal Trade Commission |

(The filer attests that concurrence in the filing of this document has been obtained from the other signatories.)

DATED: August 21, 2012      __s/Andrew S. Ittleman___
Mitchell Fuerst
Andrew S. Ittleman
Fuerst Ittleman David & Joseph PL
Attorneys for Defendants
Wellness Support Network, Inc., Robert Held, and Robyn Held

PURSUANT TO STIPULATION, IT IS SO ORDERED. IT IS HEREBY FURTHER ORDERED THAT the further case management conference scheduled for August 31, 2012, at 1:30 p.m., has been continued to **October 12, 2012, at 1:30 p.m.** The updated joint case management conference statement shall be due by October 5, 2012.

DATED: August 23, 2012      /s/ Joseph C. Spero
JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE

# DECLARATION OF LAURA FREMONT
# IN SUPPORT OF STIPULATION TO EXTEND CONTINUANCE AND SET NEW SCHEDULE

I, LAURA FREMONT, declare as follows:

1. I am an attorney with the Federal Trade Commission, the plaintiff in the above-captioned action. I make this Declaration in support of the foregoing Stipulation to Extend Continuance and Set New Schedule. I have personal knowledge of each of the following facts, and would and could competently testify thereto if called upon to do so in a court of law.

2. **Reasons for the requested enlargement of time (Local Rule 6-2(a)(1)):** With the assistance of the Honorable Magistrate Judge Jacqueline Scott Corley, the parties have agreed in principle to a stipulated judgment and final order that will fully resolve this case. The parties, as a condition of settlement, agreed to consult on certain steps that would be required for Defendants to comply with the order, and agreed to meet with Judge Corley towards the end of the process. Due to the necessity of coordinating the schedules of counsel and Judge Corley, the settlement conference will take place on September 7, 2012. Because the existing continuance (see Dkt. #74) would expire before the settlement conference is held, however, the parties respectfully request the Court to extend the existing continuance until September 30, 2012. Once completed, counsel for the FTC will submit the proposed final order to the Commission, with a recommendation that the Commission approve it.. All settlements negotiated by FTC attorneys and signed by defendants must be voted on and approved by the Commission.

3. **Disclosure of all previous time modifications (Local Rule 6-2(a)(2)):** The FTC filed its Complaint (Dkt #1) in this matter on October 28, 2010. Defendants' initial deadline to respond to the Complaint was November 26, 2010. On November 24, 2010, the

1 parties filed a stipulation (Dkt #5) to extend that deadline to December 29, 2010; to set the
2 deadline for Plaintiff to file its opposition to any papers filed by Defendants responsive to the
3 Complaint to January 14, 2011; and to set the hearing on such matters for February 4, 2011.
4 The Court so ordered on November 29, 2010 (Dkt #6).

5       On December 15, 2010, the parties filed a stipulation (Dkt #7) to modify the times set
6 in the Court's *Order Setting Initial Case Management Conference and ADR Deadlines* (Dkt
7 #3). The Court so ordered on December 15, 2010 (Dkt #8).

8       On January 26, 2011, the parties filed a *Second Stipulation to Revise Schedule* (Dkt
9 #21) to modify the times set in the Court's *Order Setting Initial Case Management*
10 *Conference and ADR Deadlines* (Dkt #3). The Court so ordered on January 27, 2011 (Dkt
11 #22).

12       On April 4, 2011, the Court entered an Order (Dkt #24) granting in part and denying in
13 part Defendants' *Motion to Dismiss Complaint.* As a result of this Order, the parties filed a
14 Joint Stipulation (Dkt # 25) on April 18, 2011 to provide time frames for Plaintiff to re-plead
15 its Complaint in part and for Defendants to file responsive papers. The Court so ordered on
16 April 18, 2011 (Dkt #26).

17       On May 12, 2011, the parties filed a *Joint Stipulation to Revise Schedule* (Dkt. #28) to
18 extend by 20 days the time for Defendants to file pleadings responsive to Plaintiff's *First*
19 *Amended Complaint* (Dkt. #27), and to extend by 20 days the deadlines for the parties to
20 perform the tasks required by the Court's case management orders. The Court so ordered on
21 May 16, 2011. (Dkt. #29).

22       On June 15, 2011, the parties filed a *Joint Stipulation* (Dkt. #32) to extend the
23 deadlines for the Plaintiff to file its opposition to Defendants' *Motion to Dismiss,* the
24 Defendants' reply, and the deadlines for the parties to perform the tasks required by the
25 Court's case management orders. The Court so ordered on June 16, 2011. (Dkt. #33).

On June 28, 2011, the parties filed a *Joint Stipulation to Revise Schedule* (Dkt. #34) to extend the deadlines for the Defendants to file their *Reply* to Plaintiff's *Opposition to Defendants' Motion to Dismiss*. The Court so ordered on June 29, 2011. (Dkt. #36).

On September 7, 2011, the parties filed a *Joint Stipulation to Revise Schedule* (Dkt. #42) to extend the deadlines for the parties to exchange initial disclosures. The Court so ordered on September 29, 2011. (Dkt. #43).

On November 8, 2011, the parties filed a *Joint Stipulation to Revise Schedule Re: Exchange of Reports and Settlement Conference* (Dkt. #53) to extend deadlines for the exchange of expert reports for settlement purposes only and to reschedule the case settlement conference in this matter. The Court so ordered on November 9, 2011. (Dkt. #54).

On January 18, 2012, the parties filed a *Joint Stipulation to Revise Schedule* (Dkt. #62) to extend deadlines for the exchange of expert reports for settlement purposes only, to reschedule the case management conference in this matter, and to reschedule the case settlement conference in this matter. The Court so ordered on January 23, 2012. (Dkt. # 63).

On March 13, 2012, the parties filed a *Joint Stipulation to Revise Schedule* (Dkt. #65) to reschedule the Settlement Conference before the Honorable Judge Corley from May 4 to May 11, 2012. The Court so ordered on March 15, 2012 (Dkt. #66).

On May 18, 2012, the parties filed a *Stipulation and Proposed Order Continuing Deadlines for Three Months Pending Settlement Review* (Dkt. #73), to give the parties the opportunity to take certain steps agreed to at the May 11, 2012 settlement conference with Judge Corley. The Court so ordered on May 21, 2012 (Dkt.#74).

A subsequent settlement conference is scheduled to take place on September 7, 2012 (No document number; see *Clerk's Notice Scheduling Settlement Conference*, entered into the ECF system on July 19, 2012).

4. **Description of the effect the requested time modification would have on**

**the schedule for the case (Local Rule 6-2(a)(3)):** The proposed time modifications would (1) extend the current continuance to September 30, 2012; and (2) set a schedule for resumption of litigation should settlement not be reached.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on August 21, 2012, at San Francisco, California.

\_\_\_\_s/ Laura Fremont_____

Laura Fremont
Attorney for Plaintiff
Federal Trade Commission